UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02241-SP | Date | February 8, 2024 |
|---|---|---|---|
| Title | AGUSTIN ALMAZAN, JR. v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | **Sheri Pym, United States Magistrate Judge** | |
|---|---|---|
| Kimberly Carter | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   (In Chambers) Order to Show Cause Why Case Should Not Be Dismissed for Failure to Effect Service and Prosecute

     On October 31, 2023, plaintiff filed a complaint against defendant United States of America. Under Federal Rule of Civil Procedure 4(m), plaintiff was required to serve each defendant with the summons and complaint within 90 days after the complaint's filing, that is, no later than January 29, 2024. Because the defendant to be served is the United States, under Federal Rule of Civil Procedure 4(i), to effect service on defendant, plaintiff was specifically required to serve the summons and complaint on: (1) the United States Attorney for the Central District of California (by delivering a copy to the United States Attorney or his designee, or by sending a copy by registered or certified mail to the Civil Process Clerk at the United States Attorney's Office for the Central District of California); and (2) the United States Attorney General by sending a copy by registered or certified mail to the Attorney General of the United States in Washington, D.C.

     The deadline for service has now passed. On December 14, 2023, plaintiff filed a proof of service that declared plaintiff served the United States on December 8, 2023 by sending the summons and complaint by certified mail to: (1) the "US Attorney General" at the address of the United States Attorney for the Central District of California; and (2) the Office of the Attorney General in Washington, D.C. Docket no. 8. There are a couple problems with this. First, both the proof of service and accompanying certified mail receipt show the mailing to the local United States Attorney's Office was addressed to the U.S. Attorney General rather than the Civil Process Clerk at the U.S. Attorney's Office, raising a question about whether this satisfies the required service. Second, and perhaps more problematic, while the proof of service filing includes copies of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02241-SP | Date | February 8, 2024 |
|---|---|---|---|
| Title | AGUSTIN ALMAZAN, JR. v. UNITED STATES OF AMERICA | | |

certified mail receipts, it does not include copies of the signed return receipts showing that such service was actually made by certified mail on individuals authorized to accept service. As such, it appears plaintiff has failed to effect service on defendant United States.

Accordingly, plaintiff is ORDERED to show cause in writing by *February 22, 2024* why this case should not be dismissed without prejudice for plaintiff's failure to prosecute and serve defendant within the required time period. Plaintiff may discharge this Order to Show Cause by filing, not later than February 22, 2024, proof of complete and proper service of the summons and complaint.

**The court warns plaintiff that failure to respond to the Order to Show Cause by February 22, 2024, or further failure to prosecute this action in accordance with court orders, may result in dismissal of this action for failure to prosecute.**